William T. O'BRIEN

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and Local Union 613, International Brotherhood of Electrical Workers.**

**Civ. A. No. C76–1565A.**

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 21, 1977.

**1184**

N. David Buffington, Atlanta, for plaintiff.

Joseph Jacobs and James T. Langford of Jacobs, Jacobs & Davis, Atlanta, Ga., for Local Union 613.

Warren Shulman of Shulman, Bauer, Deitch, Raines & Hester, Atlanta, Ga., for International Broth. of Elec. Workers.

## ORDER

EDENFIELD, District Judge.

This action was brought pursuant to the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401, *et seq.*, against a local union and its parent international union. The complaint alleges, in part, that plaintiff has been restrained in the exercise of his rights of free speech and assembly. The action is now before the court on defendant International Brotherhood of Electrical Workers' (IBEW's) motion for summary judgment and on various discovery motions.

Plaintiff was charged by a fellow union member with violating certain sections of the IBEW constitution when he distributed certain information which was allegedly detrimental to the union. Local 613's executive board heard the charges on January 27,

1976 and found plaintiff guilty, fining him $2,725.00 and temporarily suspending him from local union activities. The decision of Local 613 was rescinded when it was discovered that defendant IBEW, not Local 613, had jurisdiction over the charges pursuant to the IBEW constitution. On March 15, 1976 plaintiff was notified of a new hearing to be held before the International Executive Council of IBEW on May 6, 1976. At this hearing, plaintiff was found guilty and fined $100. Thereafter, plaintiff filed this action.

Plaintiff has alleged that the charges, trials and disciplinary measures violated plaintiff's rights of free speech and assembly as guaranteed by the LMRDA in 29 U.S.C. § 411(a)(2).* Defendant somehow claims that since it had no part in the bringing of the charges and initial trial, and since it only "asserted jurisdiction" over the case pursuant to the provisions of the IBEW constitution, it cannot be held to have violated the LMRDA. However, contrary to defendant's assertions, the IBEW did in fact discipline plaintiff by imposing a $100 fine. The statute safeguarding against the imposition of disciplinary actions without the appropriate procedures specifically mentions that

> no member of any labor organization may be *fined . . . or otherwise disciplined* except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5) (emphasis added). *See Miller v. Holden*, 535 F.2d 912, 915 (5th Cir. 1976). Moreover, defendant IBEW's attempt to protect its actions by hiding under

---

* Section 411(a)(2) of Title 29, U.S.C., provides: "Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's estab-

lished and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations."

the provisions of the constitution must fail. *See, e. g., Fulton Lodge No. 2, J. A. M. v. Nix,* 415 F.2d 212 (5th Cir. 1969), *cert. den.* 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1971). Otherwise, the protection afforded by the LMRDA would be rendered a nullity.

■ Defendant next asserts that it did in fact afford plaintiff a full and fair hearing in accordance with the foregoing statutory procedures. Plaintiff appears to take issue only with defendant's failure to supply plaintiff with adequate notice of the specific charges against him. In its letter of April 22, 1976 IBEW informed plaintiff:

The charges allege you have violated Article 27, Section 1, Subsections 7, 8, 9, and 11 of the IBEW Constitution by distributing literature to members entering the meeting hall of Local Union 613 on January 6, 1976, and other unknown dates, which was detrimental to the Fund Trustees, Local Union Officers and to the Local Union; and by aiding and abetting the mailing of literature detrimental to Local Union 613. A copy of the original charges is attached.

Plaintiff claims that this charge is not adequate because it fails to enclose a copy of the specific literature challenged or the sections of such literature which were allegedly objectionable. The court must disagree. The IBEW hearing was based upon the same charges as were considered at the Local 613 hearing held only a few months earlier. Plaintiff had full notice from that hearing of which literature was involved. Moreover, plaintiff's request for more specific information on the charges, although ignored by the IBEW, came a bit late inasmuch as it was written one day prior to the IBEW hearing. Under these facts, the court concludes that IBEW comported with the procedural requirements of 29 U.S.C. § 411(a)(5).

■ This finding of course does not preclude recovery by plaintiff if he was disciplined (albeit procedurally fairly) for the assertion of rights protected under 29 U.S.C. § 411(a)(2). Accordingly, the court must next consider defendant's claim that plaintiff's prayer for punitive damages

against defendant IBEW should be struck. The Court of Appeals for the Fifth Circuit has held that punitive damages may be appropriate upon a showing of "actual malice or reckless or wanton indifference to the rights of the plaintiff." *International B'hood of Boilermakers v. Braswell,* 388 F.2d 193, 199–200 (5th Cir.), *cert. den.* 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968). The court finds that there is insufficient evidence in the record at this time to determine whether or not this showing can be made. Defendant, the moving party, has failed to conclusively establish that no malice played a part in the IBEW decision to discipline plaintiff. While it has shown that one official suspected by plaintiff of some malicious conduct was not a part of the decision-making process, it has made no similar showing as to those that were involved in the decision, and it is defendant's burden on a motion for summary judgment to establish that there is no material question of fact on this issue, Rule 56(c), Fed.R. Civ.P.

Similarly, the court declines to strike plaintiff's prayer for compensatory damages for emotional distress. The Fifth Circuit has acknowledged the possibility of such an award, *International B'hood of Boilermakers v. Braswell, supra,* 388 F.2d at 200–01:

As in all remedial legislation, LMRDA should be liberally construed to effectuate its purposes.[11]

[11] Cf. *Simmons v. Avisco,* 350 F.2d 1012 (4th Cir. 1965), where the court upheld an award of $15,000 in damages to compensate the plaintiff for injury to reputation and resulting mental anguish, caused by his unlawful expulsion from the union.

Accordingly, defendant IBEW's motion for summary judgment is GRANTED only insofar as it concerns plaintiff's claim of a violation of 29 U.S.C. § 411(a)(5). The balance of the summary judgment motion is DENIED.

■ Defendant Local 613 has moved to compel the taking of plaintiff's deposition. Although plaintiff's deposition was taken previously, defendant IBEW contends that a recent development makes additional dis-

covery necessary. Specifically, defendant Local 613 speaks of a new handbill that was recently distributed by plaintiff to members of the union. Defendant noticed plaintiff that his presence was requested for his deposition to be held on October 12, 1977. On October 11, 1977 plaintiff filed a motion for a protective order against the taking of this additional deposition. However, defendant Local 613 did not receive a copy of the motion for a protective order until October· 13, 1977 and states that it received no prior communication that plaintiff would not appear at the deposition. Accordingly, defendant Local 613 incurred the expenses of a court reporter and attorney's fees in preparing for the deposition which never took place.

While the court must criticize plaintiff for waiting until the eleventh hour before filing the motion for a protective order, the court DECLINES to award defendant attorney's fees. Plaintiff's attorney states by way of affidavit that on September 28, 1977 and at one other time before the deposition he spoke with defendant Local 613's attorney and informed him that plaintiff would not appear at the deposition. There is thus a factual dispute as to whether defendant actually knew that plaintiff would not attend the deposition, and since the court finds the request for a protective order to be valid, an award of attorney's fees would be inappropriate based on this disputed record. The court also concludes that defendant should not be allowed to depose plaintiff again. Defendant states that this recent handbill is relevant to its defense concerning the limits to a union member's right to free speech. However, this suit concerns alleged communications made by plaintiff two years ago and the discipline imposed on account of such communications. The court fails to perceive the relevance of this subsequent communication. There being no other reason to depose plaintiff again, the motion for a protective order is hereby GRANTED.

Defendant Local 613 has also filed two motions to compel discovery. The motion of July 1, 1977 concerns production of documents "which support and substantiate plaintiff's claim for damages in the amount of $356.00." It appears that this information has previously been submitted to defendant Local 613 to the extent that such documents exist. The motion of July 6, 1976 refers to tax records which are no longer relevant to this case since plaintiff has amended his complaint, dropping charges of hiring hall discrimination. Accordingly, these motions to compel are DENIED as moot.

■ Lastly, the court must concern itself with plaintiff's motion to compel answers to interrogatories from Local 613. Plaintiff's interrogatories, filed May 18, 1977, seek to have defendants explain why they found plaintiff guilty of the union charges. Local 613 has registered a general objection to plaintiff's interrogatories which may be readily disposed of. Local 613 claims that since its decision to fine and suspend defendant was rescinded, its reasons for trying plaintiff and finding him guilty are now irrelevant. However, plaintiff is charging that both defendants in their respective actions taken against plaintiff violated plaintiff's free speech rights under the LMRDA. Plaintiff seeks, among other relief, the expenses incurred in defending and appealing Local 613's decision. While the decision may have been rescinded, the expenses were not.

A second objection listed by Local 613 is that plaintiff has not sought to compel discovery as against IBEW. While that is a matter for plaintiff to decide, it must be noted that plaintiff cannot expect the local union to answer interrogatories that are within the distinct knowledge of the international union, specifically interrogatories numbered 1(c) and (d), 2(2), and 5.

■ Interrogatory numbers 1(a) and (b) ask for the specific statements allegedly made by plaintiff for which he was tried. The court sees no reason why defendant should not be required to set out these statements, despite the fact that plaintiff might be able to cull this information from the hearing transcript. The same may be said with respect to interrogatory number

2, wherein plaintiff asks that defendant Local 613 state which provisions of the IBEW constitution were violated by which statements.

Interrogatory number 3 seeks an explanation as to why these statements violated these constitutional provisions. While defendant Local 613 argues that this question seeks a legal theory which is not discoverable, when the constitutional provisions presumably involved are examined, the interrogatory appears to be one that Local 613 should answer. All but one of the provisions proscribe false statements. Plaintiff is entitled to know the facts which render his utterances untrue. One constitutional provision deals with conduct which causes dissension and dissatisfaction among union members. Plaintiff is entitled to know the facts which, in Local 613's view, constituted dissension caused by plaintiff's statements.

■ Interrogatory number 4 provides as follows:

> In respect to each act and/or utterance listed in response to Interrogatory 1. above, explain the manner in which each said act and/or utterance (a) violated plaintiff's responsibility toward Local 613, IBEW and IBEW as institutions, and (b) interfered with Local 613, IBEW's, and IBEW's performance of their respective legal or contractual obligations. (If any of said acts/utterances violated neither standard, please indicate which did not.)

Clearly this question seeks to discover defendant's legal theory based on the facts elicited from the other interrogatories. Interrogatory number 4 is based on the exceptions in the free speech section of the LMRDA which provide as follows:

> *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2). Anticipating that defendant will rely on this language as a defense to this action, plaintiff asks defendant to explain its application to the communications made by the plaintiff.

Rule 33(b), Fed.R.Civ.P., makes clear that such discovery is in fact permissible:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

This rule cuts against many older cases which imposed a strict rule against opinions, contentions and conclusions. The Advisory Committee Note only excludes those interrogatories which "extend to issues of 'pure law,' i. e., legal issues unrelated to the facts of the case." Note to 1970 Amendment of Rule 33(b), 48 F.R.D. 485, 524 (1970), *see Wright & Miller, Federal Practice and Procedure,* § 2167 at 513. Interrogatory number 4 seeks an application of law to the central facts of the case, and accordingly is permissible under Rule 33(b). Since the discovery period is nearly complete, there is no danger of tying defendant to a legal theory before he has had an opportunity to fully explore the case, *see Wright & Miller, supra,* at 514.

Interrogatory number 6 reads as follows:

> In respect to each and every constitutional provision listed in response to Interrogatory 2., state and explain the reasons why each provision is *not* deprived of force and effect by operation of 29 U.S.C. § 411(b) in respect to plaintiff and the acts and utterances listed in response to Interrogatory 1.

In contrast to the interrogatory previously discussed, this question seeks pure legal conclusions which are related not to the facts, but to the law of the case. While the line demarcating permissible discovery under Rule 33(b) may be obscure, the court concludes that this interrogatory exceeds

the bounds of permissible discovery under the rule.

For these reasons, plaintiff's motion to compel discovery is DENIED as to interrogatories numbered 1(c) and (d), 2(2), 5 and 6, but is GRANTED as to the balance of the interrogatories in dispute. The court further concludes that each party should bear the cost incurred in bringing and opposing these discovery motions.

In summary, defendant IBEW's motion for summary judgment is GRANTED in part on plaintiff's claim of a violation under 29 U.S.C. § 411(a)(5), and is DENIED in part. Plaintiff's motion for a protective order is GRANTED. Plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendant Local 613's motion to compel is DENIED. All motions for attorney's fees and expenses are DENIED.