Chan KENDRICK, et al., Plaintiffs,

v.

Dr. Louis SULLIVAN, Secretary of the Department of Health and Human Services, Defendant,

and

Sammie J. Bradley, et al., Defendants–Intervenors.

Civ. No. 83–3175 (CRR).

United States District Court, District of Columbia.

April 13, 1989.

Leslie H. Harris, American Civil Liberties Union, Washington, D.C., Janet Benshoof, New York City, for plaintiffs.

Robert Cynkar, Theodore Hirt, Thomas Millet, U.S. Dept. of Justice, Civil Div., Washington, D.C., Michael McConnell, Chicago, Ill., Paul Arneson, Washington, D.C., Edward Grant, Clark Forsythe, Americans United for Life Defense Fund, Chicago, Ill., Mari Anne T. Hamilton, Potomac, Md., Mark Chopko, U.S. Catholic Conference,

Washington, D.C., for defendant and defendants-intervenors.

## MEMORANDUM AND ORDER

UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

The parties to the above-captioned action are mired in a discovery dispute. The defendants ("HHS") have served interrogatories upon the plaintiffs, which the plaintiffs have refused to answer. HHS has moved to compel immediate answers to the interrogatories under Fed.R.Civ.P. 37(a). For the reasons stated herein, HHS' motion is granted in part and denied in part. The denial, however, shall be (except as to certain specified interrogatories) without prejudice to HHS' ability to rewrite and reserve the interrogatories once discovery has substantially progressed.

HHS has served upon the plaintiffs what are commonly known as "contention interrogatories." To summarize, the bulk of HHS' interrogatories posit factual scenarios which may or may not exist among participants in the grant program of the Adolescent Family Life Act, 42 U.S.C. § 300z et seq. (hereinafter "AFLA"). The interrogatories ask whether it is the plaintiffs' "contention" that grants which might mirror these factual scenarios are "unlawful." These "factual scenario" interrogatories comprise the largest part of the disputed set.[1] Other interrogatories ask the plaintiffs to identify all past or current grantees which may be operating in violation of the First Amendment, to state their position with respect to the AFLA program as a whole, and to specify the precise relief the plaintiffs seek on remand.[2] Finally, one interrogatory asks the plaintiffs to review current AFLA grantee guidelines and to identify those portions they deem unconstitutional and the reasons for their belief.

The instant case is on remand from the United States Supreme Court, following its reversal of this Court in Bowen v. Kendrick, — U.S. —, 108 S.Ct. 2562, 101 L.Ed.2d 520 (1988). In Kendrick, the Supreme Court held that while the AFLA is not unconstitutional on its face, further analysis is required before a determination can be made as to whether the AFLA is being administered in an unconstitutional fashion. The discovery, now beginning, is directed toward the religious involvement of current AFLA grant recipients. HHS argues that its "contention" interrogatories, as described above, present a useful means of identifying, at the outset of discovery, the plaintiffs' precise concerns regarding the administration of the AFLA program. According to HHS, the interrogatories will permit discovery to focus more narrowly upon those precise factual scenarios which most concern the plaintiffs.

HHS points to Fed.R.Civ.P. 33(b) as support for the interrogatories. Rule 33(b) provides that:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

Rule 33(b) clearly contemplates two things: (1) the existence of specific facts in the record to which the interogatee's contentions or legal opinions must apply; and (2) a sharp distinction between permissible interrogatories and inquiries into "issues of pure law." Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The Rule further recognizes that the propriety of a "contention interrogatory" may depend upon the point in the proceedings at which it is served. If premature, i.e., if served before prior discovery has established a reasonable factual predicate, such interrogatories may do more harm than good. See, e.g., In re Convergent Technologies, 108 F.R.D. 328 (N.D.Cal.1985).

---

1. Of the 29 interrogatories in dispute, numbers 1 through 24 and 29 are of the "factual scenario" type.

2. Interrogatories 25 and 27–28.

■ The problem with HHS' "factual scenario" interrogatories is that, as of yet, there are few if any facts to which the plaintiffs' contentions or legal theories may be applied. By HHS' own admission, the "landscape" of the case changed after the Supreme Court's decision; the parties must now focus upon the current, real-world way in which AFLA is being administered. Yet, HHS also concedes that discovery on this question has only recently begun. To date, little information is available to either the plaintiffs or HHS regarding the day-to-day operations of the AFLA grantees.

Given this, it appears to the Court that HHS' "factual scenario" interrogatories effectively ask the plaintiffs to express their legal positions on what are, in essence, hypotheticals.[3] Rule 33(b) does not permit such discovery. Instead, as noted above, Rule 33(b)'s language requires that the contentions or legal opinions of an interogatee must relate to, or be applied to, a *fact*. At this stage, it appears to the Court that the dearth of *facts* in the record (as emphasized by the fact-free nature of the interrogatories themselves) causes most of HHS' interrogatories to fall outside the scope of Rule 33(b).

The decision in *O'Brien v. Internat'l Broth. of Elec. Workers*, 443 F.Supp. 1182, 1187–88 (N.D.Ga.1977) is instructive.[4] In *O'Brien*, the court dealt with two "contention" interrogatories. According to the plaintiff, the author of the interrogatories, Rule 33(b) authorized each. The court compelled a response to the first, but refused to do so as to the second.

The first interrogatory asked the defendant (a union) to describe why certain of the plaintiff's acts, detailed elsewhere in the interrogatories, were illegal.[5] The Court found this inquiry permissible under Rule 33(b), because it sought an "application of the law to the central facts of the case." *Id.* at 1187. The second interrogatory, on the other hand, asked the defendant to describe why certain provisions of the union constitution upon which the defendant relied were not "deprived of force and effect" by the federal labor laws. The court refused to require a response to this latter inquiry because, in its view, the interrogatory sought "pure legal conclusions" which were not rooted in the facts of the case. The court found the interrogatory beyond the scope of Rule 33(b). *Id.* at 1187–88.

Although the distinction between the two interrogatories in *O'Brien* is hardly categorical—no analysis which seeks, at bottom, to distinguish between law and fact can be—the Court views HHS' questions in this case as more nearly approximating *O'Brien*'s second interrogatory. Absent a concrete factual record regarding the manner in which specific grantees are currently spending their AFLA funds, any responses which the plaintiffs might submit would necessarily amount to free-form legal essays on the Establishment Clause. The essays would bear no necessary relation to the facts of this case. Instead of "the application of law to fact," these responses would involve issues of "pure law," and for that reason are impermissible under Rule 33(b).

As its language suggests, however, Rule 33(b) is as concerned with timing as with

---

**3.** HHS defends the factual assumptions of its interrogatories by reference to factual situations among grantees noted in this Court's prior opinion, *Kendrick v. Bowen*, 657 F.Supp. 1547 (D.D. C.1987). Yet, HHS also argues that what has gone on before in this case is largely irrelevant following the Supreme Court's alteration of the "landscape" of the case. And it is because of this alteration, HHS suggests, that the plaintiffs' previous views on the administration of AFLA are no longer relevant, and that new, updated statements of position are required. The Court fails to see how the factual scenarios referenced in this Court's prior opinion (with respect to programs no longer receiving AFLA grants) are sufficient to provide the "facts" required under

Rule 33(b) as to current grantees, but, at the same time, how the plaintiffs' previous views on those factual scenarios are no longer pertinent because the "landscape" has changed.

**4.** Both HHS and the plaintiffs cite *O'Brien*, and offer its analysis as an example which the Court should follow in this case.

**5.** The plaintiff, a member of the defendant union, had been reprimanded by the union for certain actions. He brought suit alleging that the reprimand violated his right to free speech and assembly as guaranteed under the LMRDA.

anything else. Further, as the foregoing should make obvious, the Court's decision is based not so much upon the *thrust* of HHS' questions as it is upon the present state of the record on remand. Thus, the Court's denial of HHS's motion to compel as to Interrogatories 1–24 and 29 (those which posit factual scenarios) shall be without prejudice to HHS' right to resubmit those interrogatories—albeit in more detailed, fact-specific form—once additional discovery has generated an adequate record. As developed by further discovery, this record should control HHS' reformulation of the "factual scenario" interrogatories. Presumably, after discovery, facts will exist to which the plaintiffs may apply their contentions or legal opinions.

 Interrogatories 25–28 remain. These interrogatories do not pose factual scenarios as the others do, but instead ask various general questions of the plaintiffs as to the legality of the AFLA program. In the Court's view, only Interrogatories 25 and 26 must be answered. Interrogatory 25 asks the plaintiffs to identify all past or present AFLA grantees which they contend have operated, or are operating, unlawfully. This is clearly a permissible inquiry at the present time as to past grantees. As to current grantees, however, there has been, once again, little or no discovery on this issue. Thus, as to Interrogatory 25, the plaintiffs must respond immediately insofar as the interrogatory seeks information regarding past grantees. As to present grantees, however, the plaintiffs may wait until further discovery has been conducted before responding. Interrogatory 26 merely asks the plaintiffs to identify those portions of HHS' guidelines for AFLA grantees which the plaintiffs regard as unlawful, and to describe the nature of the purported illegality. In the Court's view, this inquiry clearly involves the application of law to fact as contemplated under Rule 33(b). It is, in substance, no different than the first interrogatory in *O'Brien*.

 Interrogatories 27 and 28, however, ask for a conclusions of law, and therefore do not require a response. Interrogatory 27 is clearly a veiled attempt to discover the plaintiffs' argument as to severability, i.e., whether, if any AFLA grants are found to be unlawful, the entire statute must be stricken as unconstitutional. Discovery as to legal arguments is impermissible. Interrogatory 28 suffers from the same infirmity; it asks whether, in the plaintiffs' view, AFLA can lawfully be administered if religious organizations are excluded as grantees. Again, the Court reads Interrogatory 28 as seeking the plaintiffs' legal theories regarding the viability of AFLA if religious organizations are excluded; it seeks, via a different route, plaintiffs' legal theories regarding severability, and a response is not required.

In accordance with the foregoing, it is, this 12 day of April, 1989,

ORDERED, that HHS' motion, pursuant to Fed.R.Civ.P. 37(b), to compel responses to its Third Set of Interrogatories shall be, and hereby is, DENIED as to Interrogatories 1 through 24 and 29, and as to that portion of Interrogatory 25 which seeks information relating to current grantees, but without prejudice to HHS' right to reserve said interrogatories in more specific form not earlier than June 20, 1989; and it is further

ORDERED, that HHS' motion shall be denied with prejudice as to Interrogatories 27 and 28; and it is further

ORDERED, that HHS' motion shall be granted as to that portion of Interrogatory 25 which seeks information as to past grantees and as to Interrogatory 26.