UNITED STATES of America,
Plaintiff,

v.

MARYLAND AND VIRGINIA MILK
PRODUCERS ASSOCIATION,
Inc., Defendant.

Civ. A. No. 4482–56.

United States District Court
District of Columbia.
Sept. 23, 1958.

See, also, 20 F.R.D. 441.

Joseph J. Saunders and A. Duncan Whitaker, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

William J. Hughes, Jr., Herbert A. Bergson and Daniel H. Margolis, Washington, D. C. (Bergson & Borkland, Washington, D. C., of counsel), for defendant.

HOLTZOFF, District Judge.

This matter is now before the court on the plaintiff's objections to an interrogatory filed by the defendant.

This is a civil action brought by the United States for an injunction under the antitrust laws. As its name indicates the defendant is an association of milk producers doing business in the District of Columbia, as well as in Maryland and Virginia. One of the defenses is that the defendant as a cooperative agricultural association is not subject to the antitrust laws. The defendant has served the following interrogatory to which objections have been made:

> "On what ground or grounds does the plaintiff rely to support its contention that the defendant is not a cooperative association of persons engaged in the production of milk within the meaning of Section 1 of the Capper-Volstead Act, 7 U.S.C. [A §] 291?"

It should be observed that numerous interrogatories, numbering in the hundreds, have already been served and answered by each of the parties; and numerous requests for admissions, likewise numbering in the hundreds, have been prepared by each party and have been answered. Thus there has been broad discovery in this case which has already resulted in narrowing the issues and eliminating the need for evidence as to many facts which would otherwise have to be proved at the trial. In addition there has been a discovery of documents.

Broad and liberal discovery is one of the foundation-stones of modern Federal procedure. Nothing should be done and no ruling should be made that would detract, or in any way restrict, the salutary purpose of the Rules. Discovery should not be hampered or circumscribed by technical rulings. Nevertheless, it is not intended that discovery should be unbridled and unlimited. The rule of reason must prevail in this field as elsewhere.

Interrogatories may be used for several distinct purposes. One of them is to exact from the opposing party his contentions as to factual issues, thereby narrowing the scope of the trial, preventing surprise, and reducing the costs and labor of securing evidence. To take a simple illustration, in an action for negligence it is proper by an interrogatory to require the plaintiff to specify of what he claims the alleged negligence consists; and, similarly, to require the defendant who pleads contributory negligence as a defense, to specify of what he contends the alleged negligence consists. On the other hand, it is not appropriate to resort to interrogatories in order to ascertain contentions of the opposing party in respect to matters of law. That is not the function of discovery, Aktiebolaget Vargos v. Clark, D. C., 8 F.R.D. 635.

The interrogatory in this instance is argumentative in character. It seeks a detailed statement from the plaintiff of not only its factual contentions, but also of its legal position in respect to the defense to which it refers.

To answer it would be, in effect, to submit a skeletonized brief on the facts and the law. It is not the purpose of discovery to ascertain what arguments the opposing party intends to use in support of his contentions.

Accordingly, the objections to the interrogatory are sustained.

 Nevertheless, the subject matter of the interrogatory may appropriately be considered at a pretrial hearing. One of the many purposes of pretrial is to formulate and narrow the scope of the issues, both in respect to facts and the law. It is no objection that to do so will require a party to commit himself in advance on the issues to be tried. Neither is it an objection that the subject matter of the issues may relate solely to rebuttal. To adduce a simple illustration again, if in an action for negligence the defendant relies on contributory negligence, and the plaintiff in rebuttal invokes the doctrine of last clear chance, the plaintiff must so specify at the pretrial hearing. One of the many purposes of pretrial is to reduce surprise to a minimum and to eliminate the attitude of opportunism. By the time the pretrial hearing is reached both parties must be in a position to commit themselves on all the issues of fact and all the questions of substantive law involved in the case. This is not only fair to the parties, but is a matter of concern to the court in that this course would reduce the length of the trial. The rights of the parties at pretrial are naturally mutual and reciprocal.

The court, therefore, will hold a supplemental pretrial hearing before the trial, at which counsel for the respective parties must be prepared to state, definitely and with precision, the specific issues of fact and law involved in support and in rebuttal of the defense, respectively. This requirement does not call for a specification of evidence, but it does require a statement of conclusions of fact and of law. Such a pretrial hearing will not be protracted and will not be permitted to delay or postpone the date of the trial. It may be held during the week preceding the trial, and on application of the parties, the clerk will fix a suitable date.