**PAYER, HEWITT & COMPANY, Inc.,**
**Plaintiff,**

v.

**BELLANCA CORPORATION,**
**Defendant.**

**Civ. A. No. 2000.**

United States District Court
D. Delaware.
Nov. 3, 1960.

---

William E. Taylor, Jr., Wilmington, Del., and Sidney Kramer, New York City, for plaintiff.

George T. Coulson, (Morris, Nichols, Arsht & Tunnell), Wilmington, Del., for defendant.

LEAHY, Senior District Judge.

This is a suit by plaintiff, Payer, Hewitt & Company, against defendant, Bellanca Corporation, to recover compensation under an alleged procurement agreement for either compensation for certain corporate interests transferred by plaintiff to defendant or for damages arising from fraudulent misrepresentations made by defendant upon which plaintiff relied to its detriment in making the said transfer.

Plaintiff has objected to thirteen of defendant's forty-three interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C. In its Memorandum plaintiff removed its objection to Interrogatory 1(b) [1] as subsequently limited by defendant.[2] This objection is not now before the Court.

■ 1. Plaintiff objects that defendant's Interrogatories 1(c), 1(d), 13, 14, 15 and 27 [3] are not relevant. Under FR 33, interrogation relevant "to the subject matter of the action, not to the precise issues framed by the pleadings, and inquiry as to any matter which is or may become relevant to the subject of the action should be allowed." 4 Moore's Federal Practice, 2nd Ed. 1950, Par. 13.15, p. 2296. These interrogatories seek information regarding possible individual manipulation of the litigating corporate entities for personal ends. The scope of their inquiry is relevant to the case under the above test. Plaintiff's objections are therefore denied.

---

1. Plaintiff's Memorandum in Support of its Objections to Interrogatories, pp. 9–10.

2. Defendant's Memorandum on Plaintiff's Objections to Interrogatories, p. 16, Defendant's Reply Memorandum On Plaintiff's Objections To Interrogatories, p. 5.

3. "1(c) and 1(d):
With respect to plaintiff, please state:
(c) The name and address of each person who contributed or paid in the original capital with which plaintiff commenced business, and the amount which each such person paid in or contributed;
"(d) The name and address of each person who contributed or paid in capital subsequent to the commencement of plaintiff's business and the amount which each such person paid in or contributed;
"13. Did plaintiff have any business dealings with Bellanca, other than those referred to in the complaint, in the years 1955, 1956 and 1957? If the answer is in the affirmative, please identify each such transaction, state the amount of money or other consideration paid by Bellanca to plaintiff, and set forth the services covered by each payment.
"14. Did plaintiff have any business transactions in 1955, 1956 or 1957 with Sidney L. Albert? If so, please identify each such transaction, state the amount of money or other consideration paid by Mr. Albert to plaintiff and set forth the services covered by each payment.
"15. Did Joseph R. Hewitt have any business dealings with Bellanca or with Sidney L. Albert in 1955, 1956 or 1957. If so, identify each such transaction, state the amount of money or other consideration paid by Bellanca or Sidney L. Albert to Joseph R. Hewitt and set forth the services covered by each payment.
"27. Did plaintiff's president, Joseph R. Hewitt, receive any loans from defendant or Sidney L. Albert in 1955, 1956 or 1957. If so, identify with respect to each such loan the date, the lender, the borrower, the amount loaned and the interest rate, and state whether each such loan has been repaid, the date of its repayment, and the total amount of interest paid."

2. Plaintiff objects that defendant's Interrogatories 12, 15 and 27 require information concerning an officer of plaintiff, i. e., Hewitt's personal business transactions of which plaintiff corporation cannot be expected to have knowledge. Since mystical qualities are not attributed to corporate plaintiff, it is required to answer these interrogatories only on the basis of information within its possession. Therefore, the plaintiff's objections as to lack of knowledge, etc., should be framed as answers to defendant's interrogatories. However, objection to Interrogatory No. 12 is sustained for reasons set out, infra, in Paragraph 5.

3. Plaintiff objects that the information required by Interrogatories 14 and 15 is privileged. Since plaintiff neither defines nor supports this assertion in its Memorandum, the Court is not endowed with any facts to support a claim of privilege. This objection must be denied.

4. Plaintiff's objection that Interrogatory 8 [4] is repetitious, redundant and tautological to Interrogatory 6, is well taken. This objection is sustained.

5. Plaintiff objects that Interrogatories 1(g), 11 and 12 [5] contain requests which are improper under FR 33. The proper vehicle for attempting to obtain the requested information is FR 34. The Court does not intend to aid defendant in circumventing the "good cause" required by that Rule by passing on materiality at this time. However, defendant's oft expressed concern for preserving the economy of the Court's time (giving the discovery under FR 33 because it is before the Court at this time, and without recourse to FR 34) is gratefully recognized. But this objection is sustained.

6. Defendant's Interrogatory 9,[6] as stated, requires both the factors upon which plaintiff's valuation rests and the values assigned to those factors. The latter is in the realm of opinion. It is well settled that opinions and legal conclusions may not be required by interrogatories, although such may be available under other discovery techniques. Tobacco and Allied Stocks v. Transamerica Corp., D.C.Del., 16 F.R.D. 537, 542. Because of the inherent vagueness of the whole request, judicial amputation of its infected portions is not an approved procedure. Plaintiff's objection should therefore be sustained.

7. In its Interrogatory 25 [7] defendant requests information which is not only admitted, but which also may best be answered by defendant's own records. Plaintiff's objection should therefore be sustained.

So ordered.

---

4. "8. Were the services allegedly rendered, as alleged in paragraph 8 of the complaint, supplementary to other services rendered by other persons. If so, give the names and addresses of such other persons and state the nature of the services rendered by each thereof."

5. "1. With respect to plaintiff, please state:
(g) State the objects and purposes for which plaintiff was organized. Please annex a copy of plaintiff's charter to the answers to these interrogatories.
"11. Annex to the answers to these interrogatories a copy of the Federal income tax return to Payer, Hewitt & Co. for the years 1955, 1956 and 1957.

"12. If Joseph R. Hewitt was the principal officer, director or employee of Payer, Hewitt & Co. who rendered services to Bellanca, annex to the answers hereto copies of Mr. Hewitt's income tax returns for the years 1950 through 1955."

6. "9. State the basis on which plaintiff alleges that $135,000 is the reasonable value of the services rendered by plaintiff between September 1955 and February 1957."

7. "25. State the date and the amount of each sum received by plaintiff and by Joseph R. Hewitt as expenses in connection with the tanker program referred to in the complaint."