Albert R. REED

v.

PENNSYLVANIA RAILROAD COMPANY.

Civ. A. No. 26167.

United States District Court E. D. Pennsylvania.

May 16, 1961.

---

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This case is presently before the Court on defendant's objections to certain interrogatories propounded by plaintiff. The action arises under the Federal Employers' Liability Act, 45 U.S.C.A., § 51 et seq. Plaintiff, a trackman employed by defendant at the time of the accident, alleges that he was standing on top of slag in a railroad car and was seriously injured when the train made a sudden stop.

From defendant's answers to previous interrogatories, it was learned that the train was stopped by the use of the "independent brake" with the application of 15 pounds of pressure. It was further elicited that the train consisted of an engine pushing 21 cars, all of which were equipped with air brakes that were operative but apparently not employed. It is plaintiff's position that if the air brakes were not used, then defendant violated the "Air Brake Act" and is absolutely liable. It was for this reason that plaintiff submitted the following interrogatories:

"45. Do you maintain that Rule 23–e, Brake and Train Air Signal Instructions (1953) was in force and effect at the time of this accident and was applicable to the stop that was made at the time this accident occurred?"

"48. Do you maintain that Rule 23–e permits the operator of a train being pushed by a locomotive from which the brakes are controlled to stop the train by applying only the brakes on the locomotive and not applying the train-air brakes?"

"49. Do you maintain that the method of operation set forth in Interrogatory 48 is permissible under the Air Brake Act of March 2, 1893, C–196, Section 1, as amended (45 USC 1)?"

Rule 23–e reads:

"When stopping trains being pushed by a locomotive from which the brakes are controlled, the stop should be made without reducing steam or power, if being used, until the train brakes are applied. Locomotive brakes should be held off with independent brake valve while stop is being made."

Defendant objects to the above interrogatories because it believes that they call for an expression of the opinion, advice and work product of defendant's counsel. Plaintiff, however, insists that defendant must answer these interrogatories in order to clarify the issues to be tried in this case.

The use of the words "Do you maintain" does not make it altogether clear whether the plaintiff is asking for an opinion, contention or conclusion. Regardless of how these words might be interpreted, it is apparent that defendant's counsel will be required to (1) determine whether Rule 23–e applies to the facts alleged; (2) interpret the language of Rule 23–e, and (3) determine whether or not Rule 23–e is in conflict with the "Air Brake Act".

There is not complete agreement as to whether interrogatories of this nature should be permitted. Concerning interrogatories which call for opinions, Pro-

fessor Moore, as well as some jurisdictions which have adopted the more liberal rule, believe that the test should be whether the answer would serve any substantial purpose "either in leading to the evidence, or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party * *." [1]

In discussing interrogatories that seek to elicit the contentions of the interrogated party, Professor Moore writes:

> "The considerations in favor of allowing interrogatories as to the contentions of the parties are even stronger." [2]

On the other hand, the reported cases which hold interrogatories are improper which call for opinions, conclusions or contentions are much too numerous to cite.[3]

Plaintiff contends that Lieb v. Pennsylvania R. R., D.C.1955, 18 F.R.D. 147, an opinion by Judge Kraft, decided the precise issue here involved. A reading of this case, however, shows otherwise. The interrogatory objected to in that case sought from the defendant the nature and extent of plaintiff's disability which defendant had alleged was due from a cause other than the accident in suit. Judge Kraft ruled that the interrogatory did not call for an expression of an opinion or of a conclusion but rather it merely sought the basis for defendant's allegations. It is clear that we do not have the same issue here.

Further, the cases in this district cited by defendant (Verna v. Penna. R. R., C.

A. 19496; Corle v. Penna. R. R., C.A. 20527; Hubbard, Adm. v. Penna. R. R., C.A. 15345) are not useful in deciding the question because the interrogatories objected to in those cases called for a statement of facts. The situation is different here in that plaintiff is asking defendant's counsel to apply known facts to a company rule, interpret the rule, and to reconcile the rule with a statute.

While the plaintiff has made a strong showing in his effort to have these interrogatories answered at this time, it is the opinion of the Court that defendant should not now be called upon to answer them. Our pre-trial procedures, as outlined in the Pre-trial Order of this Court, will require the defendant to make its position clear at pre-trial. There is no doubt that plaintiff, depending upon the position then taken by the defendant, will, if necessary, be granted permission to amend his complaint. A review of cases in this Court involving analogous situations reveals that generally the practice of leaving such questions to pre-trial has been followed by the Judges of the Court and we think it should continue.

### Order

And Now, to wit, this 16th day of May, 1961, for the reasons set forth in the foregoing Opinion, it is Ordered, Adjudged and Decreed that defendant's objections to plaintiff's Interrogatories Nos. 45, 48 and 49 be and they are hereby Sustained.

---

1. Moore's Federal Practice, § 33.17, p. 2311.

2. Id, p. 2311.

3. See 4 Moore's Federal Practice, § 33.17, n. 1, and 2 Barron and Holtzoff, Federal Practice and Procedure (Rules Ed. 1950), § 768, n. 84.