**14**

**Ance BYNUM**

v.

**UNITED STATES of America.**

**Civ. A. No. 11927, Division B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 13, 1964.

Roger H. Fellom, New Orleans, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for the Government.

FRANK B. ELLIS, District Judge.

This is a motion by defendant, the United States of America, to compel further answers to interrogatories propounded under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. Only one interrogatory remains in dispute.

Plaintiff instituted this action under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., alleging that while he was a patient at the Veterans Administration Hospital in New Orleans a cervical laminectomy was performed negligently on him, resulting in serious permanent injuries to his legs and other parts of his body. In addition to a general allegation of negligence, plaintiff expressly invokes the doctrine of *res ipsa loquitur*, contending that he was unable to observe the proceedings due to his being under an anaesthesia and otherwise under the complete control of defendant's employees.

In preparing for trial both parties have employed various discovery procedures. The first of defendant's supplemental interrogatories is at issue here and reads as follows:

"a) Please state in detail each action or omission the plaintiff claims constituted the negligence complained of in paragraph designated 4 of the complaint in the above-entitled action."

Paragraph 4 of the complaint recites the general allegation of negligence. Plaintiff responded to this interrogatory by answering:

"a) Plaintiff is not able to answer interrogatory 'A' inasmuch as he was under an anaesthesia at all times during the operation complained of in his complaint."

This Court is of the opinion that the response of plaintiff does not properly answer the interrogatory propounded and therefore grants defendant's motion to compel a further answer.

In the leading case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91

L.Ed. 451 (1947) the United States Supreme Court succinctly stated the purpose and uses of discovery procedures.

"The various instruments of discovery now serve (1) *as a device*, along with the pre-trial hearing under Rule 16, *to narrow and clarify the basic issues* between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the *issues* and facts before trial." (emphasis supplied) 329 U.S. at 501, 67 S.Ct. at 388–389.

As was noted above, plaintiff seeks to recover under alternative theories of negligence on the one hand, and *res ipsa loquitur* on the other. In the spirit of the federal discovery procedures, defendant here seeks to narrow the issues by determining whether plaintiff intends to prove specific acts of negligence at the trial, or instead will rely solely on the doctrine of *res ipsa loquitur*.

There is little doubt that such information would facilitate defendant's preparation in this case. Since there is no difference between eliminating issues by reducing broad allegations to specifics, and eliminating issues by removing specific acts of negligence and forcing reliance instead on proving negligence by circumstantial evidence, Judge Ingraham's observations in B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.[1] are equally applicable here.

"Such interrogatories serve the justifiable purpose of narrowing the factual issues to be tried from plaintiff's broad allegations of negligence to specific acts or omissions of defendant's employees on which the issue of negligence will be decided.

2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 766 et seq. (1950)." 24 F.R.D. at 3.

When considered from the aspect of narrowing the issues, it is patent that plaintiff's answer misses the mark since it merely re-invokes his reliance on the *res ipsa loquitur* doctrine without definitively stating whether he might still also be relying on some specific act of negligence known to him.

If plaintiff is not relying on some specific act of negligence he can so state and that issue will be out of the case. However, if some specific act of negligence is known to plaintiff, defendant is entitled to know what acts or omissions the plaintiff claims were negligent. Miller v. United States, D.C., 192 F.Supp. 218 (1961).

While this Court here requires plaintiff to state, in effect, whether he will rely solely on the doctrine of *res ipsa loquitur* at the trial of the case, nothing expressed herein should be construed as an indication that the doctrine necessarily applies in this case. It may not. That determination must be postponed until the Court has received the evidence.