**BRUNSWICK CORPORATION,**
Plaintiff,

v.

**CHRYSLER CORPORATION and Chrysler Outboard Corporation, Defendants.**

No. 66-C-226.

United States District Court
E. D. Wisconsin.

Oct. 26, 1967.

Andrus & Starke, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, Gerrit D. Foster, Milwaukee, Wis., Harness, Dickey & Pierce, Detroit, Mich., of counsel, for defendant.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The plaintiff has moved for an order under Rule 37(a) to compel the defendants to answer certain interrogatories of the plaintiff. The parties seem to be in accord that the legal issues involved in the defendants' refusal to answer certain other interrogatories are identical to those raised by the refusal to answer interrogatories 78, 80 and 82. Accordingly, by disposing of the arguments raised in connection with the latter three interrogatories, the court

will thereby determine all the issues presented in connection with the contested interrogatories.

Each of the three interrogatories in issue inquires whether the defendants have manufactured or sold a certain device having specified characteristics. The defendants contend that the challenged interrogatories will require them to interpret the plaintiff's patent claims and to state a legal conclusion thereon as to whether infringement exists. Defendants also urge that the information sought by the interrogatories is already within the plaintiff's knowledge.

■ As stated in Taylor v. Sound Steamship Lines, Inc., 100 F.Supp. 388 (D.C.Conn., 1951), a party may be required to give a legal conclusion or opinion if the answer would "serve any substantial purpose." Moore, Federal Practice, 2d Ed. 1966, Vol. 4, pages 2359–2361. As Professor Moore says, at page 2355:

"* * * If the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the inter-

rogated party, the court should require answer."

■ However, in the case at bar, it would appear that the plaintiff has knowledge as to the device which the defendant manufactures. The defendants have furnished drawings to the plaintiff showing the construction of the device in question. Thus, the plaintiff has within its own knowledge all the facts necessary for it to determine whether the challenged product falls within the scope of the plaintiff's patent claims. Klein v. Leader Electric Corp., 81 F.Supp. 624 (N.D.Ill., 1948); Hoffman v. Wilson Line, Inc., 7 F.R.D. 73 (E.D.Pa., 1946); United States v. American Locomotive Co., 6 F.R.D. 35 (N.D.Ind., 1946).

It is my conclusion that no substantial purpose will be served by requiring the defendants to respond to the challenged interrogatories. If the defendants' drawings are not sufficiently clear or comprehensive to acquaint the plaintiff with the nature of the defendants' product, such fact has not been demonstrated to the court's satisfaction by the record as it presently stands. The court denies the plaintiff's motion.