SPECTOR FREIGHT SYSTEMS, INC., a Missouri corporation, Plaintiff,

v.

The HOME INDEMNITY COMPANY, a New York corporation, Defendant.

The HOME INDEMNITY COMPANY, a New York corporation, Third-Party Plaintiff,

v.

William HOHENSTEIN et al., Third Party Defendants.

No. 71 C 1502.

United States District Court, N. D. Illinois E. D.

Jan. 22, 1973.

Wilbur S. Legg and Glenn P. Schwartz, Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

Charles A. Gilmartin, Gilmartin, Wisner & Hallenbeck, Chicago, Ill., Schober & Radtke, New Berlin, Wis., Daniel P. Nagle, Cummings & Wyman, Chicago, Ill., L. William Staudenmaier, Cannon, McLaughlin, Herbon & Staudenmair, Milwaukee, Wis., David L. Coghlan, Oak Lawn, Ill., Hellstrom & Jasloski, Milwaukee, Wis., Thomas Krone, Downers Grove, Ill., for defendants and third-party plaintiff.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion for this Court to require the plaintiff to answer defendant's interrogatories pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure and plaintiff's counter motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

The plaintiff is Spector Freight Systems, Inc. ("Spector"), a Missouri freight trucking corporation with its principle place of business in Chicago, Illinois. The defendant, The Home Indemnity Company ("Home"), is a New York corporation engaged in the business of selling insurance. This is an action for breach of an insurance contract issued by Home to Spector.

The jurisdiction of this Court is based on diversity of citizenship.

The matter in controversy exceeds the sum of $10,000 exclusive of interest and costs.

In the complaint Spector alleges, *inter alia*, the following facts. During the years 1966 to 1969 a group of plaintiff's employees and others who worked in concert with them conspired and stole substantial amounts of merchandise being transported by plaintiff for its customers as a common carrier. Plaintiff has either paid or is liable to pay the owner of said stolen goods for their value. During the period in which the above described losses occurred, plaintiff was covered for losses incurred through employee dishonesty by fidelity bonds issued by the defendant Home. Spector alleges that it has complied with all necessary requirements for indemnification and has sustained a loss payable under the fidelity bonds. Plaintiff has made demand upon defendant for payment of its losses, which demand has been refused by the defendant Home.

The defendant, in support of its motion to require the plaintiff to answer certain interrogatories, contends:

1. The plaintiff has wrongfully refused to answer Interrogatories 52, 53, and 54.

2. Plaintiff's answers to 14 other interrogatories are not responsive.

The plaintiff, in opposition to the defendant's motion and in support of its motion for a protective order, contends:

1. The plaintiff, after filing a detailed proof of loss, made available certain of its employees for the taking of sworn statements by counsel for defendant prior to litigation. The parties have already stipulated that these statements are to be used as depositions.

2. Interrogatories 52, 53 and 54, which the plaintiff has refused to answer, seek to elicit information not required to be produced under the Federal Rules of Civil Procedure.

3. Information sought by the 14 other interrogatories in question duplicates information already obtained by defendant through depositions and production of relevant documents. The plaintiff has withdrawn its objection and answered Interrogatory 53 since the filing of the defendant's motion.

It is the opinion of this Court that all the interrogatories which are the subject of the instant motion seek information which either is not a proper subject for discovery, or information which is already available to the defendant.

I. *Interrogatories 52 and 54 seek information as to matters which are not proper subjects for discovery.*

Interrogatory 52 requires plaintiff to state generally the nature of testimony that certain people having knowledge of relevant facts are competent to give. Interrogatory 54 requests plaintiff to "state in reasonable detail the type of testimony which plaintiff considers William Hohenstein is competent to give against defendant". The plaintiff has refused to answer these interrogatories.

■ Both interrogatories (52 and 54) base their request for information from putative witnesses on their competency to testify. Such a determination as to the competency of a witness to testify is not a matter for determination by the parties. The competency of a witness to give testimony is strictly a question of evidence for the court to rule on at trial. A party is not permitted to obtain through discovery a pure conclusion of evidence law or an opinion which calls for a degree of expertise which the other party is not expected to possess. Roberson v. Great American Insurance Companies of New York, 48 F.R.D. 404 (D.C.Ga.1969); Uinta Oil Refining Company v. Continental Oil Company, 226 F.Supp. 495 (D.C.Utah 1964). The defendant Home has deposed or will depose, or has the opportunity to depose all the persons identified in plaintiff's answers. Home knows as well as Spector the nature of the witness' testimony. The defendant Home is as able to predict the competency of a witness to testify as the plaintiff Spector. Requiring answers to these interrogatories will not result in a narrowing of the issues presented, nor will it accomplish any other legitimate purpose. Thus, since the defendant's interrogatories ask for information outside the competency of the plaintiff, the plaintiff Spector will not be required to answer these interrogatories.

II. *Defendant's Interrogatories 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 49 and 50 are not proper.*

■ The defendant has set forth complex interrogatories requesting plaintiff to "state separately and with respect to each of the 57 claims" certain information. Plaintiff alleges that Interrogatories 35, 36, 37, 38, 39, 40, 41 and 49 alone would require 10,026 answers. The defendant has taken extensive depositions in this case and also has audited plaintiff's claims and records. The plaintiff Spector answered these interrogatories by referring the defendant to depositions previously taken from Spector's employees. The defendant's knowledge of the facts is probably, at this point, as extensive as the plaintiff's. The tremendous expenditure of time and money which would be necessary for plaintiff to specifically answer over 10,-000 separate questions contained in de-

fendant's interrogatories outweighs any benefit of compelling answers. Since all information necessary to answer the disputed interrogatories is equally available to the defendant via depositions, records and audit, there is no compelling reason to order the plaintiff to answer the defendant's interrogatories. *See* Schotthofer v. Hagstrom Construction Company, 23 F.R.D. 666 (S.D.Ill.1958); Klein v. Leader Electric Corporation, 81 F.Supp. 624 (N.D.Ill.1948). This Court's order refusing to compel the plaintiff to answer the defendant's interrogatories precludes as moot any consideration of the plaintiff's motion for a protective order under Rule 26(c). This order shall not be interpreted as foreclosing any legitimate discovery available to the defendant under the Federal Rules of Civil Procedure.

Accordingly it is hereby ordered that the defendant's motion for plaintiff to answer certain of defendant's interrogatories pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure is denied.