STATE of Missouri ex rel. Kenneth L. JONES and Henrietta Jones, Relators,

v.

Honorable Weldon W. MOORE, Judge of the 25th Judicial Circuit of Missouri, Respondent.

No. 14189.

Missouri Court of Appeals, Southern District, Division One.

Aug. 27, 1985.

David L. Steelman, Steelman, Hearne and Hearne, Salem, for relators.

Michael J. Patton, Turner, Reid, Duncan, Loomer and Patton, P.C., Springfield, for respondent.

GREENE, Judge.

Relators, Kenneth L. Jones and Henrietta Jones (plaintiffs below), brought suit for damages in the Circuit Court of Phelps County against Joseph E. Green and Roadrunner Trucking, Inc.

Plaintiffs' petition alleged that Kenneth Jones, while lawfully engaged in his employment as a commercial vehicle inspector for the Missouri State Highway Patrol, was injured while inspecting a truck owned by Green and flatbed trailer owned by Roadrunner, which was being operated by Green. The petition further alleged that "[d]uring the course of said inspection (of defendant's vehicle), Plaintiff was examining an area immediately in front of the left rear wheels of said vehicle ... [and] Defendant Green carelessly and negligently allowed and caused the vehicle which he was operating to pull forward running over and crushing the lower extremity of Plaintiff's body ...."

During the pleading stages of the litigation, Riley Hodge, Jones' supervisor at the time of the accident, was brought into the suit as a third-party defendant. Plaintiffs then amended their petition to name Hodge as an additional defendant.

Green and Roadrunner filed 50 interrogatories directed to plaintiffs. Three interrogatories, which are the subject matter of the controversy in question here (numbers 40, 41 and 43), were objected to by plaintiffs on the grounds that they were overly broad and requested information that was equally available to the defendants. The interrogatories read as follows:

40. List all titles, publications, books, government regulations, articles, statutes, laws or other writings known to you or to anyone acting in your behalf, containing safety regulations or safety suggestions in connections with vehicle inspections.

41. Please identify all local or national safety codes, safety code standards, or any standards known which are promulgated by local, state or federal govern-

ment agencies, commissions, or industry groups relating to the procedures or instrumentalities used in vehicle inspections.

. . . .

43. Describe in detail how the process of vehicle inspection is now, or at any time in the past, regulated by any government, industry or other standards. Identify each such standard by name and date of publication and title of the book or journal in which it appears.

The trial court indicated that it was going to overrule plaintiffs' objections, but withheld its ruling on the objections in order to give them time to seek a writ from this court prohibiting the trial court's proposed action. After application by relators, we issued a preliminary writ in prohibition.

Relators contend that if they are required to answer the interrogatories, they will be forced to research and supply defendants with statutory and regulatory citations equally available to both sides, and forced to reveal opinions or conclusions of a purely legal nature.

Respondent argues that the questioned interrogatories are proper in that they seek information which is reasonably calculated to lead to the discovery of admissible evidence. Furthermore, respondent contends the interrogatories do not seek information equally available to defendants, because they inquire into Jones' knowledge concerning regulations governing safety procedures to be used in connection with vehicle inspections.

The trial court's discretion in administering and applying discovery rules should not be disturbed, unless such discretion is abused. *State ex rel. Kuehl v. Baker,* 663 S.W.2d 410, 411 (Mo.App.1983). In this case, we feel there was an abuse of discretion in overruling the objections to these three interrogatories. The interrogatories are overly broad and require plaintiffs to compile data and do research that defendants could just as easily do for themselves.

Concerning an interrogatory more restrictive than any of the three under review here, this court has held that discovery provisions of Missouri law do not require that the interrogated party ferret out and cite to his adversary case law or general regulatory authority that might conceivably have some bearing on plaintiff's claim. *State ex rel. Kroger Company v. Craig,* 329 S.W.2d 804, 809–810 (Mo.App.1959). Respondent has cited to us no legal authority, and we know of none, that alters or dilutes the holding of *Kroger* on the issue at hand.

The preliminary order of prohibition entered in this cause is too broad to achieve a proper remedy and is set aside.

A final order of prohibition is entered directing respondent to refrain from overruling the objections of plaintiffs to defendants' interrogatories 40, 41 and 43, and ordering respondent to sustain such objections.

TITUS, P.J., and FLANIGAN, J., concur.