**STATE ex rel. PAPIN BUILDERS, INC., Relator,**

v.

**Honorable Arthur LITZ, Judge, Twenty-First Judicial Circuit, State of Missouri, Respondent.**

No. 52925.

Missouri Court of Appeals,
Eastern District,
Division Six.

June 9, 1987.

Motion for Rehearing and/or Transfer Denied July 9, 1987.

Application to Transfer Denied Sept. 15, 1987.

Heather S. Heidelbaugh, Weier, Sherby, Hockensmith & Schoene, St. Louis, for relator.

Lawrence B. Grebel, William I. Rutherford, Mark Lawson, Brown, James & Rabbitt, P.C., St. Louis, for respondent.

SIMEONE, Senior Judge.

I

This is an original proceeding in prohibition in which the relator, Papin Builders, Inc. (Papin) seeks to prohibit the respondent-judge from compelling the relator to answer certain interrogatories propounded by the defendant in the underlying action. We issued our preliminary writ on April 1, 1987. We now make the preliminary writ absolute as to two interrogatories and quash the preliminary writ as to one inter-

rogatory. We have jurisdiction. Art. V, § 4, Mo. Const. V.A.M.S.

This original proceeding, one of first impression, deals with the validity of so-called "contention" or "issue framing" interrogatories first adopted in Fed.R.Civ.P. 33(b) and embodied in Rule 57.01(b). For reasons hereinafter stated, we hold that the two interrogatories involved are not authorized by Rule 57.01(b).

The underlying action which precipitated this original proceeding began on August 1, 1986 when Papin filed a petition against Melvin T. Cole, d/b/a Fox and Cole Consulting Engineers (Fox and Cole) and J.H. Berra Construction Inc. (Berra) in the circuit court of St. Louis County for damages for alleged breach of contract and negligence.

On December 8, 1986, Papin amended its original petition. The amended petition sought damages for breach of contract and negligence against Fox & Cole and J.H. Berra Construction Company for jointly and severally causing damages to Papin resulting from the design and installation of storm sewers in the Forest Oak subdivision in St. Louis County. The amended petition alleged that Papin entered into a contract with Fox & Cole for the design of plans and specifications for storm sewers for the Forest Oak subdivision; that Fox & Cole designed all plans and specifications for the sewers which were to comply with the municipal and subdivision ordinances of the County and which were to be in "compliance with generally accepted engineering principles for the construction of storm sewers." Papin alleged that Fox & Cole "breached said contract by failing to provide plans and specifications" which "complied with St. Louis County ordinances" and were not in "accordance with generally accepted engineering principles."

In the negligence count against Fox & Cole, Papin alleged that "in violation of its duty" to Plaintiff (Papin), Fox & Cole "was negligent in its failure to properly design engineering plans and specifications for storm water sewers" in the subdivision. They further alleged that Fox & Cole "knowingly designed engineering plans and specifications for storm water sewers which failed to comply with the municipal building and subdivision ordinances of St. Louis County and failed to comply with generally accepted engineering practices directly resulting in removal of a portion of the storm sewers" to Papin's damage.

In its petition, Papin also alleged that Berra breached its contract by not properly installing the sewers and was negligent in installing the sewers.

In due time Fox & Cole and Berra submitted answers alleging certain affirmative defenses. The answers and defenses consisted of a general denial, failure to state a claim and an assertion of comparative fault.

Fox & Cole then filed a cross-claim against Berra seeking "indemnity" from Berra "for all or part of [Papin's] claim against him for the reason that" Berra was negligent in certain respects. Subsequently Berra answered the cross-claim. On November 17, 1986, Fox & Cole also asserted a counterclaim against Papin for the amount of the alleged personal services rendered to Papin. On December 10, 1986, Papin answered and asserted certain affirmative defenses to the counterclaim.

On November 19, 1986, Fox & Cole filed its first set of interrogatories upon relator-Papin. These interrogatories consisted of 21 questions with subparts. Certain of these interrogatories are the subject matter of this writ. Interrogatory No. 9 filed by Fox & Cole upon relator asked:

In paragraph 19 of plaintiff's Petitionc [sic] you allege that:

'Defendant Fox and [sic] Cole, in violation of its duty to plaintiff, was negligent in its failure to properly design engineering plans and specifications for storm water sewers in the aforesaid subdivision Forest Oaks.'

With respect to this allegation, please state the following:

Please describe fully, completely and in detail each and every fact on which you rely as tending to show that the actions of defendant Fox and Cole were negligent and please describe fully, complete-

ly and in detail each and every document [on] which you rely as tending to show that actions of defendant Fox and Cole were negligent.

Papin "answered" this interrogatory by stating:

Objection. Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly burdensome, vague and oppressive and requests the legal conclusions and theories of Plaintiff's counsel which are work product and privileged.

Interrogatory No. 10 was as follows:

In Paragraph 20 of plaintiff's Petition, you allege that "Defendant Fox and [sic] Cole by and through its employees and agents knowingly designed engineering plans and specifications for storm water sewers which failed to comply with the municipal building and subdivision ordinances of St. Louis County and failed to comply with generally accepted engineering practices; resulting in removal of a portion of the storm water sewers as designed by defendant [sic] Fox and Cole."

Please describe fully, completely and in detail each and every detail [sic], each and every fact in [sic] which you rely tending to show that the actions of defendant Fox and Cole were knowing and, please describe fully, completely and in detail each and every document which you rely as tending to show that the actions of defendant Fox and Cole were done knowingly.

The relator's "answer" to this interrogatory was:

Objection. Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly burdensome, vague and oppressive and requests the legal conclusions and theories of Plaintiff's counsel which are work product and privileged.

Interrogatory No. 13 was:

Please state with particularity the applicable municipal building and subdivision ordinances of St. Louis County which you claim were not complied with by defendant Fox and Cole.

Relator objected to this question:

Objection. Plaintiff objects to the Defendant's request for its legal theories on the ground that said information is privileged, constitutes attorney work product and calls for legal conclusions of counsel.

On March 9, 1987, the objections were heard by respondent. At the hearing relator pointed out to the respondent that these interrogatories call for "legal conclusions" and thus are privileged and constitute work product.[1] The respondent overruled relator's objections to these interrogatories and ordered relator to answer the interrogatories within 20 days.

On March 24, 1987 relator filed its petition for a writ of prohibition in this court and on April 1, 1987, we issued our preliminary writ. Respondent in proper time filed an answer.

## II

Relator contends that respondent exceeded its jurisdiction and abused its discretion by compelling it to answer the above interrogatories. The thrust of relator's contention is that the interrogatories are work product and that such information is immune from disclosure "absent a demonstration from Defendant [Fox] of a substantial need for the information and that undue hardship would result if the equivalent of the information had to be sought elsewhere." Relator argues that the interrogatories propounded requires it to "pick and choose from all the facts in a complicated and technical case, which particular facts relator relies on to show Fox & Cole was negligent. Is it not the jury's duty to listen to all of the facts of the case and decide which facts tend to prove 'negligence'?"

Relator concludes that the law of Missouri is and has been quite clear on this subject, and that requiring it to answer

---

1. Counsel relied upon *State ex rel. Gamble Construction Co. v. Carroll,* 408 S.W.2d 34, 37 (Mo. 1966) and Rule 56.01(b)(3) protecting against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney.

would place an "incredible, unreasonable and impossible burden on Relator's counsel."

Respondent contends that the preliminary writ should be quashed because: (1) respondent has already made his order so that there is nothing to prohibit, (2) the order did not amount to such an abuse of discretion so as to exceed jurisdiction and (3) the interrogatories are within the scope of Rule 57.01. Respondent contends that the interrogatories "ask for facts," and that they are proper under the provisions of Rule 57.01(b), effective January 1, 1975, based upon Fed.R.Civ.P. 33(b). Respondent argues that:

> Any argument that the interrogatories in question are improper because they require the disclosure of the mental impressions, conclusions, opinions and legal theories of counsel, was settled when Rule 57.01(b) of the Missouri Rules of Civil Procedure were promulgated effective January 1, 1975.

At oral argument Respondent contended that the interrogatories here are proper within Rule 57.01(b) and that under modern discovery, a party may be required to answer such questions relating to contentions, opinions or conclusions. Counsel contends that such questions are proper and that a party is entitled, under discovery rules, to obtain such facts relied upon to indicate a party's "contentions" which would ultimately be stated in a trial brief or in an opening statement.

### III

The modern scope of discovery is well known. The principles of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) have been adopted in Missouri and the old decisions which placed restrictions on discovery have been discarded. Whatever merits there were to the "sporting theory" of justice and the benefits of surprising a witness to "catch him in the truth" have now long been discarded. *See* Richardson, *Should The Scope of Pre-Trial Discovery Be Expanded*, 14 J.Mo.Bar 8 (1958); Hocker, *Scope of Pre-Trial Discovery*, 14 J.Mo.Bar 44 (1958). The modern rules relating to discovery are beneficial in ascertaining the truth, defining and refining the issues for trial and the elimination of surprise. 4 J.W. Moore, J. Lucas, G.J. Grotheer, Jr., *Moore's Federal Practice*, § 26.02[2] at 26–60 (1986). Missouri recognizes that discovery is broad; that many facts and documents are, however, qualifiedly privileged, so that discovery may be had only upon a "showing that the party seeking discovery has substantial need of the materials ... and that he is unable without undue hardship to obtain the substantial equivalent...." Rule 56.01(b)(3). Many facts and documents are absolutely immune. *Porter v. Gottschall, etc.*, 615 S.W.2d 63 (Mo. banc 1981). An attorney's "work product" of mental impressions, conclusions, opinions or legal theories is immune from discovery. Rule 56.01.

The interrogatories here are not addressed to the attorney but to the relator as a party and the party must answer "separately and fully in writing under oath." Rule 57.01(a).

Hence, technically we are dealing with interrogatories addressed to a party, and while it may be difficult to separate that which the attorney knows or determines and that of which a party has knowledge, the two are not identical. This case is not one of pure "work product" absolutely immunizing the attorney from disclosing "mental impressions, conclusions, opinions, or legal theories." Rule 56.01(b)(3). We must therefore resolve the issue in the posture that the interrogatories are addressed to the party to the underlying lawsuit. We must resolve the issue whether a party is required to answer the interrogatories here which call for "opinions," "conclusions" or "legal theories."

### IV

This is a case of first impression and the briefs of counsel and our own independent research fail to disclose any Missouri decision analyzing or construing the second paragraph of Rule 57.01(b), effective January 1, 1975.

Before entering upon a discussion of the specific purposes and authorities relating

to so-called "contention" or "issue framing" interrogatories, it would be helpful to reiterate certain basic differences which exist between the philosophy embodied in the Federal Rules of Civil Procedure and the Missouri Rules. As is well known, the federal system is committed to "notice pleading." Fed.R.Civ.P. 8(a)(2). All that is required in the federal system is that the complaint state a short and plain statement of the "claim." *Porter v. Shoemaker*, 6 F.R.D. 438, 441 (M.D.Pa.1947); *Dioguardi v. Durning*, 139 F.2d 774, 775 (2nd Cir. 1944); 2A Moore, *supra*, § 8.13 at 8–57 (1986). Missouri, however, is committed to "fact pleading," Rule 55.05; *Kramer v. Kansas City Power & Light Co.*, 311 Mo. 369, 279 S.W. 43 (Mo.1925). Even after Missouri adopted the federal rules, the pleadings must still contain facts, and the pleadings continue to be useful in defining and sharpening the issues. *Gerber v. Schutte Inv. Co.*, 194 S.W.2d 25, 28 (Mo. 1946). In the federal system the pleadings are committed to a lesser role; emphasis is placed on discovery to define and sharpen the issues. In Missouri, however, while discovery is broad, the same emphasis is not placed on the discovery process to sharpen and define the issues as in the federal system.

In *State ex rel. Gamble v. Carroll, supra,* our Supreme Court dealt with a similar situation prior to the adoption of Rule 57.01(b) and prior to Fed.R.Civ.P. 33(b) adopted in 1970. In *Gamble,* a prohibition action, Gamble brought an action against certain defendants including Roof Decks, Inc., seeking to enforce a mechanic's lien against certain real estate. Roof Decks filed certain interrogatories upon Gamble, which were objected to and went unanswered whereupon the court struck Gamble's pleading. Gamble sought prohibition. Roof Deck's first seven interrogatories requested Gamble to "[s]et forth all the facts relied upon to reach the conclusions set forth in Paragraph 2A of your first amended crossclaim against defendant, Roof Decks, and in so doing, identify by part, location, time, and in every other manner of identification what you are talking about...." Paragraph 2A alleged:

"Failed to use care, skill, reasonable expediency and faithfulness in the performance of said contract." Interrogatory No. 8 requested Gamble to "[d]escribe in detail the alleged 'breach of contract.'" The Supreme Court made the preliminary writ absolute. In the course of the opinion, the Court stated:

We rule that Roof Deck's first seven interrogatories are clearly improper, beyond the scope of what is authorized by Rules 56.01 and 57.01 and beyond the jurisdiction of respondent to require to be answered.... Could anyone claim such questions as these seven would be in proper form to be asked in depositions or at a trial? None of them are authorized by our rules for either deposition, examination of witnesses at a trial or interrogatories. 408 S.W.2d at 36, 37.

The court also relied upon 2A Barron and Holtzoff, *Federal Practice*, to the effect that interrogatories should not be unduly burdensome and oppressive. *Carroll*, 408 S.W.2d at 38. *See also State ex rel. Hof v. Cloyd*, 394 S.W.2d 408 (Mo. banc 1965).

*Gamble* was decided prior to the 1970 amendments to the Federal Rules of Civil Procedure and prior to present Rule 57.-01(b).

Rule 57.01(b), based on Fed.R.Civ.P. 33(b) was adopted in 1975 and it provides in relevant part:

An interrogatory *otherwise* proper is *not necessarily* objectionable *merely* because an answer to the interrogatory *involves* an opinion *or* contention that *relates to fact or the application of law to fact,* but the court *may* order that such an interrogatory *need not* be answered until after designated discovery has been completed or until a pre-trial conference or other later time. (Emphasis added).

This Rule is at best confusing. At worst it is so indefinite that it does not provide adequate guidance. To determine its meaning, it is necessary to examine the history behind the federal counterpart and the purposes and reasons for its adoption. *See* Simeone and Walsh, *The New Rules on Civil Discovery,* 30 J.Mo.Bar 463, 467 (1974).

Prior to the adoption of Rule 33(b) in 1970, it was the position of the federal and many state courts that discovery was limited to the ascertainment of facts, and that interrogatories which called for "opinions," "conclusions," or "contentions" were wholly improper. *Reed v. Pennsylvania Railroad Company*, 28 F.R.D. 26, 28 (E.D.Pa. 1961); 4A J. Moore, J. Lucas, D. Epstein, 4A *Moore's Federal Practice*, § 33.17 at 33–72 (1984) (Moore); 8 C.A. Wright, A. Miller, *Federal Practice and Procedure*, § 2167 at 497 (1970) (Wright); *Bush v. Skidis*, 8 F.R.D. 561, 563 (E.D.Mo.1948).

But some federal courts gave a broader interpretation of discovery to determine and narrow the issues as to opinions, conclusions and contentions. Most dealt with patents or other complicated cases. There was nothing in the rules which then existed which limited interrogatories to "facts." Therefore, if an answer might serve to narrow the issues for trial and would not unduly burden or prejudice the party interrogated, it was thought that an answer should be required.[2]

When subdivision 33(b) was adopted in 1970 in the Federal Rules, the Advisory

Committee noted that there were numerous and conflicting decisions on the question of whether and to what extent interrogatories were limited to matters of fact or whether interrogatories may elicit "opinions, contentions, and legal conclusions." Some decisions, the Notes explained, held such interrogatories improper[3] while others held them proper.[4] The Advisory Committee Notes explain the reason for Rule 33(b). Rule 33 was amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. "Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful and the clear trend of the cases is to permit 'factual' opinions.... On the other hand, under the new language, interrogatories may not extend to issues of 'pure law'...." Fed.R.Civ.P. 33(b), Advisory Committee Note, 4A *Moore's Federal Practice, supra,* § 33.-01(b) at 33–10.

The modern federal decisions are in accordance with *Hockley v. Zent, Inc.*, 89 F.R.D. 26 (M.D.Pa.1980). There, the district court said:

**2.** *Brunswick Corporation v. Chrysler Corporation,* 43 F.R.D. 208 (E.D.Wisc.1967)—patent case; plaintiff inquired whether defendants have manufactured or sold a certain device with specified characteristics. Defendant contended that questions required them to interpret plaintiff's patent claims and to state legal conclusions. Court denied request because plaintiff had the knowledge. "If answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require answer." Quoting Moore, 4 *Federal Practice and Procedure* at 2355 (1966).

**3.** *Payer, Hewitt & Company v. Bellanca Corporation,* 26 F.R.D. 219 (D.Dela.1960)—"State the basis on which plaintiff alleges that $135,000 is the reasonable value of the services rendered by plaintiff ..." Court held question improper. "It is well settled that opinions and legal conclusions may not be required by interrogatories." 26 F.R.D. at 222. *Zinsky v. New York Central Railroad Company,* 36 F.R.D. 680 (N.D.Ohio 1964)—FELA case; complaint alleged that all of plaintiff's duties were in furtherance of interstate commerce. Interrogatory asked "Was plaintiff following usual customs, rules and practices in performing his work." Court held that while the answer may require the drawing of a conclusion or an expression of opinion it is

a fact not law. "An interrogatory calling for a factual inference or conclusion is proper, whereas [one] calling for a legal conclusion is objectionable." 36 F.R.D. at 681.

**4.** *Bynum v. United States,* 36 F.R.D. 14 (E.D.La. 1964)—Federal Tort Claims Act case for medical negligence. Defendant filed interrogatory requesting "each action or omission the plaintiff claims negligence complained of in paragraph 4 ..." Plaintiff responded he could not answer because he was under anaesthesia. Court held that where plaintiff sought to recover under alternative theories of *res ipsa* and specific negligence the contentions as to facts constituting specific negligence or *res ipsa* were proper. *Taylor v. Sound Steamship Lines, Inc.,* 100 F.Supp. 388 (D.Conn.1951)—plaintiff died as result of being thrown from deck chair. Plaintiff administrator asked for the "manner" in which his decedent was injured and the "manner" in which the vessel was operated at the time. Defendant objected that questions called for conclusions and opinions. Court held answers might refine issues of fact and defendant in answering would not be prejudiced so that even though answers may be "opinions" questions proper. *Hartsfield v. Gulf Oil Corp.,* 29 F.R.D. 163, 165 (D.C.Pa.1962).

Early cases construing the Federal Rules of Civil Procedure often excluded interrogatories in which the inquiring party asked an opponent to set forth its essential legal arguments ... Today, there is no doubt that the federal rules allow a litigant to require an opponent to answer interrogatories asking for a delineation of legal theories so long as the question is calculated to serve a 'substantial purpose' in prosecution of the suit, such as a narrowing of issues.

*See Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292 (E.D.Pa.1980)—conclusions not objectionable on that ground alone. As we read the judicial decisions and the works of the scholarly commentators, the test which was ultimately developed and embodied in the 1970 amendment to Rule 33 was set forth in *Taylor v. Sound Steamship Lines, supra.* That test, borrowed from Professor Moore, is a "practical" one.

The test adopted in *Taylor v. Sound Steamship Lines, Inc. supra,* is that if the answer to the interrogatory would serve a substantial purpose, and would not unduly burden or prejudice the party interrogated, then even though the answer may be one of opinion or conclusion or contention, as long as it is not "pure law," the interrogatory should be answered. *See also* Comment, *Opinion Interrogatories After the 1970 Amendment to Federal Rule 33(b)),* 53 N.C.L. Rev. 694 (1975).

The whole purpose of the 1970 amendment to Rule 33 embodied in subdivision (b) and adopted in Rule 57.01(b) in Missouri, therefore, was to make clear that an interrogatory is not necessarily improper even though it sought an "opinion," "conclusion" or a "contention" and to "cut against many older cases which imposed a strict rule against opinions, contentions and conclusions." *O'Brien v. Intern. Broth. of Elec. Workers,* 443 F.Supp. 1182, 1187 (N.D.Ga.1977).

In construing Rule 33(b), the federal decisions indicate that an interrogatory which requests a party to point out what acts or omissions it is contended constitute negligence have been held not to be objectiona-ble. *See* 4A Moore, *supra,* § 33.17[1] at 33—84–86; *Rogers v. Tri-State Material Corporation,* 51 F.R.D. 234, 237 (N.D.W. Va.1970). In *Wycoff v. Nichols,* 32 F.R.D. 369 (W.D.Mo.1962) it was held that the proper method of determining what acts of "negligence" relied upon is by means of discovery, not by motion to make more definite and certain.

These federal decisions are based upon the basic philosophy of the federal rules that the pleadings only serve the function of giving general notice of a claim and that the proper method of ascertaining and sharpening the issues is by means of discovery. Hence, in the federal system there is great liberality. But as we read the decisions, the federal cases do not allow the discovery process to be used as a substitute for a trial brief or an opening statement.

Even though an interrogatory is not objectionable merely because it calls for an opinion, conclusion or contention that is not one of pure law, and although there are no "sharp lines" between fact and contention, interrogatories which call for opinions, conclusions or contentions are not unlimited. While discovery should not be hampered or circumscribed by technical rulings, nevertheless, it is not intended that discovery should be unbridled and unlimited. The rule of reason must prevail in this field as elsewhere. *United States v. Maryland & Virginia Milk Producers,* 22 F.R.D. 300, 301 (D.D.C.1958)—legal position objectionable. Even in the federal system such interrogatories are not unlimited. *O'Brien v. Intern. Broth. of Elec. Workers, supra,* 443 F.Supp. 1182 (N.D.Ga.1977)—pure legal conclusion; *Kyker v. Malone Freight Lines,* 17 F.R.D. 393 (E.D.Tenn.1955)—detail all factors which brought about collision, damage and loss of life, objectionable; *Spector Freight Systems, Inc. v. Home Indemnity Co.,* 58 F.R.D. 162, 164–65 (N.D.Ill.1973).

We do not read the federal decisions interpreting the federal rule as broadly as the respondent contends. The federal decisions, as we understand them do not equate requests pursuant to interrogato-

ries authorized by the Rules with a pre-trial brief or opening statement, as respondent argues. While the federal decisions are broad, they do not permit interrogatories to be a substitute for later procedural devices.

▇ Whether or not the Interrogatories here would be required to be answered in the federal system and although the federal decisions may authorize an interrogatory requesting the facts tending to show that actions were negligent or knowing, we believe that under the Missouri Rules Interrogatories Nos. 9 and 10 are objectionable. We believe that Missouri Rule 57.01(b) should be construed in a manner consistent with the Missouri philosophy dealing with the relative importance of pleadings and discovery. We further believe that the federal decisions are not controlling under Missouri Rules and the philosophy of Missouri pleadings and discovery embodied therein. While an interrogatory under Rule 57.01(b) is not necessarily objectionable merely because it calls for an opinion, contention, or conclusion, we believe that a proper and practical test to determine whether a specific interrogatory is objectionable or not under Rule 57.01(b) should satisfy the following minimum requirements when such interrogatory seeks an opinion, contention or conclusion:

(1) would the answer immediately serve a substantial purpose in framing the issues;

(2) would the interrogatory unduly burden the party answering the interrogatory;

(3) is the interrogatory a practical and reasonable one;

(4) does the interrogatory call for the parties' theory of law;

(5) does the interrogatory involve an ultimate issue or issues in the case;

(6) may the answer to an interrogatory be obtained by a motion to make more definite.

▇ Tested by these principles we hold that Interrogatories Nos. 9 and 10 are objectionable and the respondent abused his discretion in overruling the relator's objections thereto. There are sound reasons for so holding.

First, the fundamental philosophical differences as to the importance of pleadings in the Missouri system have an important bearing on our holding. As stated, in Missouri the pleadings continue to be of importance in defining and sharpening the issues. In the federal courts, pleadings play a lesser role than discovery. In the federal system, interrogatories requesting a party to point out what acts or omissions he contends constitute negligence have been held not to be objectionable. *See* cases collected in 4A Moore, *supra*, § 33.17[1] at 33–86; *Rogers v. Tri-State Materials Corporation*, 51 F.R.D. 234, 237 (N.D.W.Va. 1970)—state what acts of negligence; *Wycoff v. Nichols, supra,*—proper method of determining acts of negligence is by discovery, not motion to make more definite; *Goodman v. International Business Machines Corp.*, 59 F.R.D. 278 (N.D.Ill.1973); *Coyne v. Monongahela Connecting R.R. Co.*, 24 F.R.D. 357, 350 (N.D.Pa.1959); *cf. Bush v. Skidis*, 8 F.R.D. 561, *supra*. While such interrogatories may not be objectionable in the federal system, we believe that answers to interrogatories such as those embodied in Interrogatories Nos. 9 and 10 could better be obtained by the use of a motion to make more definite—thus keeping in balance the pleadings, motions and the discovery processes.

Second, in Missouri a petition alleging "general negligence" states a claim. But the proper remedial device to define and sharpen the issues is a motion to make more definite and certain. Rule 55.27(d); *Bennett v. Mallinckrodt, Inc.*, 698 S.W.2d 854, 865 (Mo.App.1985). In the federal system when a petition states a "short and plain statement of the claim" the proper remedial device is not a motion to make more definite but is the discovery process. *Wycoff v. Nichols, supra.*

Third, in Missouri interrogatories are propounded to a "party." When questions are propounded to a party requesting information concerning the details of "negligence" or the opinions, conclusions, contentions or legal theories, the party, even with the aid of his attorney, should not be required to answer such broad interrogato-

ries such as Nos. 9 and 10 which contain fact, law, or a mixture of fact and law.

In *United States v. Selby,* 25 F.R.D. 12 (N.D.Ohio 1960), interrogatories were propounded to the plaintiff which called for legal conclusions. The court denied the request and stated that to request a party to answer a question relating to legal conclusions or the enumeration of items of evidence by which a party intends to prove an ultimate fact was improper.

> The parties are required to answer [interrogatories] under oath. It would be pointless and unfair to require laymen to swear to statements embodying the legal theories of their attorneys.
>
> The assertion and discussion of legal theories, and the classification of facts in support thereof should be by the lawyers at trial and in whatever pre-trial procedures the Court may require. 25 F.R.D. at 14.

In *United States v. Maryland Virginia Milk Producers, supra,* 22 F.R.D. 300, the defendant asked "on what ground or grounds does the plaintiff rely to support its contention that the defendant is not a cooperative association of persons engaged in the production of milk ...?" The court did not compel an answer because it "seeks a detailed statement from the plaintiff of not only its factual contentions, but also of its legal position.... To answer it would be, in effect, to submit a skeletonized brief on the facts and the law. It is not the purpose of discovery to ascertain what arguments the opposing party intends to use in support of his contentions." 22 F.R.D. at 302.

■ We must reject respondent's contention that an interrogatory may obtain the facts relied upon to support the contentions of the interrogated party which would ultimately be disclosed in a trial brief or an opening statement. The rules of discovery were not meant to be a substitute for a trial brief or an opening statement—each segment of the litigation process has its appropriate sphere.

Fourth, under the above principles dealing with the purpose, construction and object of Rule 57.01(b), the philosophy of the Missouri Rules relating to the functions and purposes of pleading and the purposes and limitations of interrogatories, it is clear that Interrogatories Nos. 9 and 10 are objectionable. Even though these interrogatories are couched in terms of requesting "facts" tending to show "negligence" or "knowingly designed plans," the answer would require a party to sift, pick and choose each and every "fact" tending to show what actions were negligent or "knowing" and would require the party to completely detail each and every fact or document tending to show negligence or knowledge. They would not satisfy the minimum tests of Rule 57.01(b), would be unduly burdensome, and would require the party to state ultimate legal contentions and theories.

If required to answer these broad questions, the relator would be placed in a difficult quandry of sifting facts and documents to determine matters of law. To require relator to answer Interrogatories Nos. 9 and 10 would allow the case to be tried at the discovery stage rather than at trial. The interrogatories are clearly overbroad. *See State ex rel. Jones v. Moore,* 696 S.W.2d 870 (Mo.App.1985).

■ As to Interrogatory No. 13, that interrogatory is not objectionable. Relator is required to plead municipal ordinances in its petition. It is not permitted to introduce into evidence such ordinances without having been pleaded. Therefore, we hold that this interrogatory is not objectionable and the respondent did not exceed his jurisdiction in overruling relator's objection to this interrogatory.

While we recognize the principle that the respondent has discretion in administering and applying the rules of discovery and that discretion should not lightly be disturbed, *State ex rel. Norfolk & Western Ry. Co. v. Dowd,* 448 S.W.2d 1, 4 (Mo. banc 1969); *State ex rel. Kuehl v. Baker,* 663 S.W.2d 410, 411 (Mo.App.1983); *State ex rel. Jones v. Moore, supra,* in this case there was an abuse of discretion in overruling the objections as to Interrogatories Nos. 9 and 10.

## V

We have reviewed the authorities relied upon by the respondent in his brief. We find some of the federal decisions to be inapposite.[5] Some federal cases permit interrogatories even though the interrogatory sought "conclusions."[6] These decisions, however, are federal decisions interpreting the rules in the light of the basic philosophy of the role of pleadings in the federal system. They are not authoritative or controlling under Missouri procedure.

## VI

Prohibition is proper. Prohibition is the proper remedy when a trial court makes an order in discovery proceedings that exceeds its jurisdiction or is an abuse of discretion. *State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 327 (Mo.App.1985); *State ex rel. L.Y. v. Davis,* 723 S.W.2d 74 (Mo.App.1986); *State ex rel. Houser v. Goodman,* 406 S.W.2d 121 (Mo.App.1966). And although normally prohibition is preventive not corrective, *State ex rel. Doyles Corp. v. Gaertner,* 601 S.W.2d 295, 296 (Mo.App.1980), such principle has its limitations and exceptions and may, in certain instances, issue when the court exceeds its jurisdiction. *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148 (Mo.App.1974).

## VII

For the foregoing reasons, we hold that Interrogatories Nos. 9 and 10 are objectionable and make our preliminary writ heretofore issued absolute as to Interrogatories Nos. 9 and 10. As to Interrogatory No. 13, the preliminary writ is quashed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

5. *Payer, Hewitt & Company v. Bellanca Corporation, supra,*—well settled that opinions and legal conclusions may not be required by interrogatories (decision prior to 1970 Amendment to Rule 33(b)); *United States v. Carter Products, Inc.,* 28 F.R.D. 373 (S.D.N.Y.1961)—anti-trust—government not required to answer certain contentions.

6. *Zinsky v. New York Central Railroad Company, supra,*—interrogatories inquiring whether plaintiffs in FELA case followed usual customs, rules and practices not objectionable, but interrogatories inquiring whether plaintiffs were in furtherance of interstate commerce were improper; *Taylor v. Sound Steamship Lines, Inc.,* —discussed *supra; Bynum v. United States,* —discussed *supra; Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3 (D.Md.1967)—interrogatories which in "some measure" call for legal conclusions are not necessarily objectionable if useful in narrowing issues; *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543 (S.D.N.Y. 1978)—interrogatories are an appropriate means for obtaining a specification of facts upon which claim of negligence is founded—plaintiff required to answer at a continuation of her deposition; *Hartsfield v. Gulf Oil Corporation,* 29 F.R.D. 163 (E.D.Pa.1962)—interrogatories proper to determine details of negligence; *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115 (N.D.Ga.1972)—opinion as to meaning of contract terms not objectionable.