**STATE, ex rel. Fannie KUEHL, Relator,**

v.

**Hon. Evelyn BAKER, Respondent.**

**No. 47714.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Dec. 27, 1983.

Gregg W. Keegan, St. Louis, for relator.

Preston E. Roskin, St. Louis, for respondent.

STEWART, Presiding Judge.

This is an original proceeding in prohibition in which relator-petitioner seeks to prevent respondent circuit judge from entering a protective order restricting discovery in a dissolution proceeding pending in the trial court.

The record before us consists of the pleadings in the trial court, the verified pleadings in this proceeding, the order of the trial court and a true copy of a restrictive stock agreement. This record reveals that the underlying dissolution action was instituted in April 1983 by relator against her husband of fifty-two years. The parties acquired substantial assets during the marriage consisting of interests in various close corporations, partnerships and other investments. Among the close corporations in which relator and her husband owned stock are eight close corporations which own and operate fourteen fast-food restaurants.

In July 1983, relator filed a motion to inspect, photo-copy and examine records in the possession of her husband, his accountants or his attorneys pertaining to the marital property owned by the couple. On July 22, the motion to inspect and photo-copy was sustained by a judge other than respondent, as to all matters requested, except those records in the possession of husband's attorneys.

Husband subsequently filed a motion for a protective order seeking to limit discovery so as to prohibit the inspection of business records in the possession or under the control of husband, pertaining to the close corporations because there exists a "Restrictive Stock Agreement" which assigns a specific value to these business interests. After argument, the respondent sustained the motion for protective order on the ground that the restrictive stock agreement was conclusive of the value of the stock. The court withheld entry of the order pending application for writ of prohibition. This court issued a preliminary writ of prohibition. Extraordinary writs are frequently used by appellate courts of this state to resolve pretrial discovery disputes. *State*

*ex rel. J.E. Dunn Construction v. Sprinkle,* 650 S.W.2d 707, 712 (Mo.App.1983).

Discovery was sought under Rule 58.01 which upon request permits the inspection and copying of designated documents which contain matters within the scope of Rule 56.01(b). The latter rule permits "discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action...." One may not object on the ground that the matters sought would be inadmissible if it appears that the information could reasonably be expected to lead to the discovery of admissible evidence.

The propriety of discovery is a matter within the discretion of the trial court and we may not disturb the ruling of the trial court except for abuse of that discretion. *State ex rel. Norfolk & Western Ry. Co. v. Dowd,* 448 S.W.2d 1, 4 (Mo. banc 1969).

Underlying this proceeding is an action for dissolution of marriage. The primary issue in that action is the division of marital property. One of the factors to be considered in dividing the marital property is the value of the property. Section 452.-330(2), RSMo 1978. Any evidence respecting the value of marital assets is relevant to this issue.

An issue similar to that which is before us was discussed in the recent case of *In Re Marriage of Morris,* 588 S.W.2d 39 (Mo.App. 1979). There the husband was a principal in a professional corporation. The shareholders had entered into a stock redemption agreement that made provision for purchase of the stock upon death or disability of a shareholder, disqualification of the shareholder to practice law, termination of employment and retirement after age 65. The court there commented that the objective of the trial court was to determine the true value of the husband's shares in the corporation. *Id.* at 43. The court there said, "in arriving at this determination the court was not restricted to various valuation methods provided in the redemption agreement when obviously none of the

methods contemplated the situation before the court." *Id.* at 43–44.

In the case at bar the restrictive stock agreement makes a provision for valuation and purchase of the stock by each of the corporations upon the death of the principal stockholders. A similar provision is made for redemption upon death of a minority stockholder but with a different formula for valuation.

In the event a stockholder desires to dispose of or encumber his stock, the corporations have an option to purchase at a price determined by provisions of the agreement. The agreement also contains a provision for purchase and sale between certain stockholders at mutually agreed upon prices. It is also provided that upon failure of the corporations to exercise the option to purchase the stockholder shall be free from the restrictions of the agreement.[1]

Respondent points out that wife's accountant testified that valuations such as those found in the restrictive stock agreement are proper in the ordinary course of business. With this we can agree. Husband, however, is not intending to dispose of or encumber his stock in any of the corporations nor is redemption upon death of a stockholder at issue. The situation presented in the underlying case does not come within the purview of the restrictive stock agreement. We also take note of the fact that the restrictive stock agreement contemplates situations in which stock is sold within the families of each of the two principal stockholders. It also provides for those situations in which the corporations do not exercise their option to purchase the stock offered by freeing the parties from the restrictions.

■ We hold that those books and records that are in the possession or control of the husband or his accountant that pertain to the corporation are unquestionably relevant to the principal issue to be determined in the trial of the dissolution action. We are not holding that the restrictive

stock agreement has no probative value. Rather, we hold that the trial court abused its discretion in denying discovery that could lead to evidence with respect to the value of marital property.

Our preliminary writ of prohibition is made absolute.

SATZ and CRANDALL, JJ., concur.

1. There are also provisions with respect to a key employee which have no bearing on the

issues before us.