46 S.W.3d 24 (2001)
L.R.M., Respondent,
v.
R.K.M., Appellant.
No. ED 77816.
Missouri Court of Appeals, Eastern District, Division Two.
March 27, 2001.
Motion for Rehearing and/or Transfer Denied May 1, 2001.
Application for Transfer Denied June 26, 2001.
*26 Susan Nell Rowe, St. Louis, MO, for appellant.
Carmody MacDonald, St. Louis, MO, for respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2001.
CLIFFORD H. AHRENS, Presiding Judge.
R.K.M. ("husband") appeals from the decree of dissolution awarding L.R.M. ("wife") maintenance. Husband claims that wife's income is sufficient to provide for her reasonable needs and the court failed to consider the statutory factors under section 452.335.2 RSMo 1994[1] in awarding maintenance. Husband also contends that the court erred in valuing his partnership interest. We affirm.
On March 16, 1999, wife filed her petition for dissolution of marriage. The parties agreed to joint legal and physical custody of the two children. At trial, the disputed issues were division of marital property and debts, maintenance, and attorney's fees. On March 13, 2000, the original decree of dissolution was entered awarding wife $2175.00 per month in maintenance. After two amendments, the corrected second amended judgment was entered on May 3, 2000.
The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.banc 1976). "We defer to the trial court's determination of credibility, viewing the evidence and inferences therefrom in a light most favorable to the decree and disregarding all contrary evidence and inferences." Creech v. Creech, 992 S.W.2d 226, 229 (Mo. App.1999)
In point one, husband complains that the trial court erred in awarding wife $2,175.00 per month in maintenance. Husband argues that wife's yearly income of $67,000.00 combined with her investment income is sufficient to provide for her reasonable needs. In addition, husband alleges that the parties' previous standard of living was beyond their means and should not be considered in determining her reasonable needs.
An award of maintenance is a matter within the sound discretion of the trial court. Creech, 992 S.W.2d at 229. Our review on appeal is limited to determine if that discretion has been abused. Id. The trial court's decision to award maintenance is governed by section 452.335. Maintenance may be awarded if the court finds that the requesting party (1) lacks sufficient property to provide for his or her reasonable needs and (2) is unable to support himself through appropriate employment. Section 452.335; Nichols v. Nichols, 14 S.W.3d 630, 636 (Mo.App.2000). Factors relevant to the amount and duration of the maintenance awarded are enumerated in section 452.335.2. Husband claims that the court incorrectly considered these factors including the standard of living established during the marriage, and the obligations and assets, including the marital property apportioned to wife.
Wife has a net monthly income of $3,963.69 and husband has a net monthly income of $8,211.29. The trial court found that "although wife is intelligent, competent, and able-bodied, she is without adequate means to support herself through employment and/or income-producing property set-aside to her." In addition, the court found husband "to be of adequate *27 means to support himself and provide support to Wife." Wife's reasonable needs as reflected in her statement of income and expenses were approximately $8,152.00 per month or $6,782.07 if her claimed expenses for the children were excluded. The court awarded wife $2,175.00 per month in maintenance.
We find that the trial court did not abuse its discretion in awarding $2,175.00 in maintenance to wife. The record supports that the parties enjoyed a high standard of living during the marriage and that wife is not able to provide for her reasonable needs through appropriate employment or income-producing property. Point denied.
In his second point on appeal, husband claims the trial court erred in calculating maintenance by (1) relying solely on the income and expenses of the parties and not considering other factors in section 452.335.2, (2) determining that husband had an ability to pay maintenance based on husband's expenses, and (3) entering an award which provides wife with $6,668.32 of the parties disposable income while husband receives $4,255.39.
The trial court has broad discretion in applying the statutory factors of section 452.335.2. Schroeder v. Schroeder, 924 S.W.2d 22, 26 (Mo.App.1996). "The court uses the factors in awarding maintenance to balance the reasonable needs of the spouse seeking maintenance with the other spouse's ability to pay." Id.
There is nothing in the record to indicate the trial court failed to consider the factors in section 452.335.2 in determining the award of maintenance. The court found that both parties contributed to the breakdown of the marriage, and that husband has the ability to meet his reasonable needs and contribute to the support of wife. In addition, the court considered the monthly income and expenses of both parties, and the standard of living enjoyed by the parties during the marriage. We find that the trial court did not abuse its discretion in awarding wife $2,175.00 per month in maintenance after considering the factors enumerated in section 452.335.2. Point denied.
Lastly, husband complains that the trial court erred in valuing his partnership interest in his law firm at $99,221.00. Husband claims that the correct value of his partnership interest is $25,536.00, the value of his capital account. There is no dispute that husband's interest in the partnership is marital property because he became a member of the firm subsequent to marriage. After classifying the partnership interest as marital property, the court must determine the value of husband's interest in the partnership. The trial court has broad discretion in valuing marital property. In re Marriage of Kirkham, 975 S.W.2d 500, 505 (Mo.App.1998).
Husband's partnership agreement provides that husband has no ownership interest in the assets of the firm other than his capital account. The partnership agreement provides that each partner is entitled to a capital account, and that upon a partner's death, withdrawal, retirement, or expulsion from the firm, the partner (or his estate), is entitled to receive the capital account. Wife's expert, a certified public accountant with experience in business valuations, found the partnership provisions covering death, withdrawal, retirement or expulsion inapplicable to this situation involving dissolution of marriage. He testified that husband's capital account had no relationship to the fair market value of husband's partnership interest.
Wife's expert calculated husband's interest in the partnership using an "adjusted net assets method." Under this method, the witness used the book value of assets *28 of the firm from the firm's balance sheet, including checking accounts, cash, investments, attorney and client advances, and office equipment and other fixed assets (less accumulated depreciation). The witness added to the book value a percentage of the firm's accounts receivable and work in progress, after deductions for uncollectible accounts and unrealized work in progress. This adjustment was necessary because accounts receivable and services rendered but not billed are not included on the balance sheet of a cash-basis entity. The witness assigned no value to goodwill or other intangible assets. Liabilities of the partnership were then deducted and husband's 2.86 percent interest in the net assets was calculated and then reduced by a thirty-two percent discount to take into account lack of marketability of husband's minority interest in the firm. The witness' opinion was that the fair market value of husband's 2.86% interest in the partnership, on a non-marketable, minority interest basis, was $99,221. The trial court adopted this valuation.
Wife relies on In re Marriage of Morris, 588 S.W.2d 39 (Mo.App.1979). In Morris, husband was an attorney in a professional corporation. Id. at 42-43. Under the stock redemption agreement, "[t]he corporation agreed to purchase all of the stock of a shareholder upon his death, permanent disability, disqualification to practice law, retirement from active practice at any time after age 65, or his termination of employment by the corporation." Id. at 43. The agreement also provided valuation formulas under each circumstance where the corporation would purchase the stock. Id. The trial court restricted its valuation of husband's interest in the professional corporation to those contained in the agreement. Id. On review, the appellate court found this to be error indicating that the objective was to determine the true or actual value of husband's marital property. Id. Acknowledging that determining true value in a professional setting is difficult, the court felt the factors mentioned in the annotation Evaluation of Interest in Law Firm or Medical Partnership for Purposes of Division of Property in Divorce Proceedings, 74 A.L.R.3d 621, 623 (1976) would be appropriate to consider. Id. at 44. The annotation lists the following assets as relevant to determining the value of a partners interest: "capital investments, capital accounts, and other fixed shares of partnership worth, accrued equity, accounts receivable, as adjusted, the value of work in progress, appreciation of tangible personalty, goodwill, and possibly cash on hand and partnership life insurance." Id. The trial court was free to receive any relevant evidence and not restricted to valuation methods contained in the redemption agreement because divorce was not a contemplated situation in the agreement. Id.
In State ex rel. Kuehl v. Baker, 663 S.W.2d 410 (Mo.App.1983), the valuation issue before the court was similar to that in Morris. Husband and wife had assets in various close corporations and partnerships. Kuehl, 663 S.W.2d at 411. Wife attempted, through discovery, to examine records in possession of husband pertaining to valuation of the assets. Id. Husband sought to restrict discovery pertaining to certain close corporations subject to a restrictive stock agreement, claiming the agreement assigned specific value to the business interests. Id. The court indicated that when valuing property under section 452.330, any evidence respecting the value of marital assets is relevant. Id. The court relied on Morris, to hold that even though the close corporations were subject to a restrictive stock agreement, valuation for dissolution purposes was not in the purview of the restrictive stock agreement and the records were unquestionably relevant *29 to the valuation in a dissolution action. Id. at 412.
Husband argues that we should use the language of the partnership agreement, specifically his capital account, as the value of his interest in the partnership. Husband asserts that Hanson v. Hanson, 738 S.W.2d 429 (Mo.banc 1987) requires that his interest be valued according to the partnership agreement. Hanson addresses the valuation of goodwill within a professional practice and defined goodwill in a professional practice as "the value of the practice which exceeds its tangible assets and which is the result of the tendency of clients/patients to return to and recommend the practice." Id. at 434. Hanson discussed the proper valuation formula determining that fair market value is the most accurate approach to measure true value of goodwill. Id. at 436. The fair market value method is also preferred because it avoids the "disturbing inequity in compelling a professional practitioner to pay a spouse a share of intangible assets at a judicially determined value that could not be realized by a sale or another method of liquidating value." Id. (citing Holbrook v. Holbrook, 103 Wis.2d 327, 309 N.W.2d 343 (1981)). Relying on Morris, the court went on to say that the buy-sell agreement method for determining goodwill value may be appropriate in certain circumstances, but the trial court is in the best position to determine when a buy-sell agreement constitutes competent evidence. Id.
Husband also cites authority from several other jurisdictions, specifically McCabe v. McCabe, 525 Pa. 25, 575 A.2d 87 (1990), for the proposition that the court's valuation of his partnership interest is limited to his capital account as provided in the partnership agreement. We do not find these cases to be persuasive. We find Hanson, Morris, and Kuehl to be controlling. The trial court's objective is to determine the true value of husband's interest in the partnership. Morris, 588 S.W.2d at 43. In determining true value, the trial court was free to receive any evidence relevant to that determination. Although the partnership agreement may be probative, it is not the only evidence relevant to the marital property valuation of husband's interest in the partnership. Id. As discussed in Morris, the factors addressed by wife's expert in his valuation of the partnership were appropriate for the trial court to consider.
There was substantial evidence to support the trial court's finding that the reasonable fair market value of husband's interest in the partnership was $99,221, based on the fair market value of the firm's assets minus liabilities, adjusted for the value of collectible accounts receivable and work in progress, and discounted for minority interest and lack of marketability. The court's valuation did not include any goodwill or other intangibles. The trial court did not abuse its discretion in valuing husband's interest in the partnership. Point denied.
The judgment of the trial court is affirmed.
WILLIAM H. CRANDALL Jr. and JAMES R. DOWD, JJ., concur.
NOTES
[1] All statutory references are to RSMo 1994 unless otherwise indicated.